*270
 
 Battle, J.
 

 The equity for a specific performance of a contract, requires that the contract shall have been made for valuable consideration, and that its enforcement in
 
 specie
 
 he practicable and necessary. Adams’ Eq. 77. It is not a matter of course, but rests in the sound discretion of the Court, and it may be refused when circumstances render it inequitable or improper. In order to be thus enforced, the agreement must bo certain, fair, and just iii all its parts.
 
 Leigh
 
 v. Crump, 1 Ire. Eq. Rep. 299. Even the mere fact that the contract is a hard one and would press heavily on the defendant, will induce the Court to withhold its aid, and. leave the plaintiff to his remedy at law.
 
 King
 
 v. Hamilton, 4 Peters’ Rep. 311;
 
 Talbot
 
 v.
 
 Ford,
 
 13 Simon’s Rep. 173; Adams’ Eq. 84; 1 Story’s Eq. Jur. secs. 132, 134, 161.
 

 The application of these principles is decisive against the claim of the plaintiff, in the present case. Wo say nothing of the uncertainty of the contract. We do not declare that it was obtained from the defendant by fraud, though we do believe that ho entered into it under circumstances of surprise and alarm at finding the plaintiff with a surveying party in tlxo midst of his cultivated field. But a contract more unequal between the two parties, and inore oppressive upon one of them, it would be- difficult to imagine. The testimony of the surveyors, taken in connection with the plat and the accompanying documents, shows clearly that all the land to be affected by the alleged compromise, belonged to the defendant. A part of that the contract requires him to convey to the plaintiff, and permits him to retain the residue, upon paying a fair price for-it. And what is he to get in return? Nothing, that we can discover, unless it be an engagement on the part of the plaintiff not to sue him for his own land. It is no part of our duty to encourage law-suits, or to prevent.their adjustment when commenced; but wre think we can safely say, that the plaintiff has attempted to make the defendant pay rather too dearly to keep out of one. The agreement is not, in our opinion, “ certain, fair and just in all its parts,”
 
 *271
 
 and we cannot, therefore, decree its enforcement in this Court.
 

 Per Curiam. The bill is dismissed with costs.